UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDWARD ALBERTO MOZQUEDA,

Petitioner,

v.

RONALD HAYNES,

Respondent.

CASE NO. 2:22-CV-38-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: November 18, 2022

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Edward Alberto Mozqueda brings this federal habeas action pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence for rape of a child in the first and second degree. Dkt. 14-1 at 2. Petitioner brings a single claim in this matter, alleging the trial court committed "structural error" by failing to read the jury instructions orally to the jury. Dkt. 6 at 2. The state court dismissed petitioner's claim as time barred and, alternatively, as frivolous. Because petitioner's claim is procedurally barred, the Court recommends the petition be dismissed with prejudice. Also pending is petitioner's motion to stay (Dkt. 19), which the Court recommends be denied.

1

2

## I. BACKGROUND

3      Petitioner is in custody under a state court judgment and sentence imposed for his

4  conviction after a jury trial of one count of rape of a child in the first degree and one count of

5  rape of a child in the second degree. Dkt. 14-1 at 2. On September 1, 2017, petitioner was

6  sentenced to a term of 140 months to life for the first count and 136 months to life for the second

7  count. *Id*. at 6.

8      Petitioner filed a direct appeal with the Washington State Court of Appeals ("state court

9  of appeals"), raising four claims pertaining to ineffective assistance of counsel that are not at

10  issue in this proceeding. Dkt. 14-1 at 26–27. The state court of appeals denied petitioner's

11  appeal, (*id*. at 15–19) and a motion for reconsideration, (*id*. at 103–113). Plaintiff sought

12  discretionary review (*id*. at 128–149), which the Washington Supreme Court ("state supreme

13  court") denied on November 6, 2019 (*id*. at 151). The state court of appeals issued its mandate on

14  December 24, 2019. *Id*. at 153–54.

15      Petitioner filed a Personal Restraint Petition ("First PRP") with the state court of appeals

16  on August 13, 2020, raising three evidentiary and charging issues unrelated to his claim in this

17  action. *Id*. at 156–181. The state court of appeals dismissed the First PRP on the merits on June

18  2, 2021. *Id*. at 258–265. Petitioner sought discretionary review by the state supreme court. *Id*. at

19  267–271. The state supreme court denied review on January 24, 2022 (*id*. at 273–74), and the

20  state court of appeals issued its Certificate of Finality on April 1, 2022 (*id*. at 276).

21      On July 29, 2021, while his First PRP remained pending, petitioner filed a writ of

22  mandamus (the "Second PRP") in the state supreme court, asserting the trial court had

23  committed "structural error" because it "did not at anytime [r]ead the Jury the Jury Instructions

24

1    (Orally) to the jury, nor did she explain the definitions of the elements as charged, nor did she

2    define the terms of the charges to the jury (Orally)." Dkt. 15 at 4. The state supreme court

3    construed petitioner's filing as a PRP and transferred it to the state court of appeals. Dkt. 14-3 at

4    5. On September 23, 2021, the state court of appeals dismissed the Second PRP because it was

5    successive, untimely, and presented no arguable basis for relief. *Id*. at 7. The court found the

6    petition was filed more than one year after the judgment became final, in violation of RCW

7    10.73.090(1) and that it was successive in violation of RCW 10.73.140 because petitioner had

8    previously filed another PRP. *Id*. at 7–8. The court further determined the claim was "clearly

9    frivolous," because "the verbatim report of proceedings in [petitioner's] direct appeal plainly

10   shows that the trial court did in fact read all of the instructions to the jury." *Id*. at 8.

11       Petitioner sought discretionary review of the state court of appeals' decision. Dkt. 14-3 at

12   11–22. On November 3, 2021, the state supreme court denied review, holding petitioner's claim

13   was time barred because it was filed more than one year after his judgment and sentence. *Id.* at

14   24. The court further held petitioner's claim of "structural error" was insufficient to surmount the

15   untimeliness of the Second PRP because "the transcript in the record of Mr. Mozqueda's direct

16   appeal shows that the court gave complete oral instructions mirroring verbatim the written

17   instructions, including those conveying the elements of the crimes." *Id*. at 25. The state supreme

18   court denied petitioner's motion to modify (*id*. at 183), and the state court of appeals issued a

19   certificate of finality on January 20, 2022 (*id*. at 276).

20       On January 13, 2022, petitioner filed his federal habeas petition raising as its sole ground

21   petitioner's claim the trial court committed "structural error" by failing to read the jury

22   instructions (including the elements of the charged crimes) orally to the jury. Dkt. 6 at 2.

23   Respondent has answered and submitted the relevant state court record, including the Verbatim

24

1    Report of Proceedings for the portion of petitioner's trial held on June 6, 2017. Dkts. 13, 14, 14-3

2    at 187–307, 15. On July 5, 2022, the Court granted petitioner's motion for an extension to file his

3    reply and renoted the petition to accommodate the extension. Dkt. 18. On July 27, 2022,

4    petitioner filed a motion to stay (Dkt. 19) to which respondent filed a response ( Dkt. 20). On

5    August 2, 2022, the Court issued an order stating the motion to stay would be considered

6    together with the merits of the petition and renoted the petition for the same date as the motion to

7    stay. Dkt. 21. Petitioner has not filed a reply in support of either his petition or his motion to

8    stay.

9    **II. DISCUSSION**

10   **A.  Exhaustion**

11       "[A] state prisoner must normally exhaust available state judicial remedies before a

12   federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275

13   (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been

14   afforded] a meaningful opportunity to consider allegations of legal error without interference

15   from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must

16   give the state courts one full opportunity to resolve any constitutional issues by invoking one

17   complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S.

18   838, 845 (1999).

19       A federal habeas petitioner must provide the state courts with a fair opportunity to correct

20   alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). It is not enough

21   if all the facts necessary to support the federal claim were before the state courts or if a

22   somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365-66 (citing *Picard*, 404

23   U.S. at 275; *Anderson v. Harless*, 459 U.S. 4 (1982)). Petitioner must include reference to a

24   specific federal constitutional guarantee, as well as a statement of the facts entitling Petitioner to

relief. *Gray v. Netherland*, 518 U.S. 152, 162–163 (1996); *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005). Petitioner bears the burden of proving he has exhausted available state remedies and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A).

Here, petitioner did not present the claim asserted in his federal habeas petition in his direct appeal or in his original, timely, PRP. Instead, he raised his claim that the jury instructions were not orally read to the jury for the first time in his petition for mandamus (construed by the state court as a second PRP). The state court of appeals denied the Second PRP because it was time barred, successive and frivolous. Dkt. 14-3 at 7–9. The state supreme court denied petitioner's motion for discretionary review, holding the Second PRP was untimely. Dkt. 14-3 at 24–25.

Thus, although petitioner raised his claim through the highest state court, his claim was denied because of an independent state rule; the federal courts are therefore procedurally barred from reviewing it.

**B.  Procedural Default**

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 729–35 (1991). State courts may decline to review a claim based on a state procedural default. *See Wainwright v. Sykes*, 433 U.S. 72, 81–83 (1977). Federal courts hearing habeas petitions may not review state convictions, even for federal constitutional claims, if the state court's decision procedurally barring the petitioner's claims rests on an "independent and adequate" state law ground. *Coleman*, 501 U.S. at 729; *Franklin v. Johnson*, 290 F.3d 1223, 1230–31 (9th Cir. 2002) (procedural default rule bars consideration of a federal claim when it is clear the state court has been presented with the federal claim but declined to reach the issue for

procedural reasons). The resulting bar can be express or implied. A state court invokes an

express procedural bar by explicitly referring to a state rule or procedure to deny a petitioner's

claim, or by referring to a case or phrase that invokes the applicable rule. *See, e.g., Zichko v.*

*Idaho,* 247 F.3d 1015, 1021 (9th Cir. 2001) (rule); *Park v. California,* 202 F.3d 1146, 1149 (9th

Cir. 2000) (case). An implied procedural bar exists when a petitioner has failed to fairly present

his claims to the highest state court and would now be barred from returning to do so by an

adequate, independent, and mandatory state procedural rule. *Moreno v. Gonzalez,* 116 F.3d 409,

411 (9th Cir. 1997). Procedural default is an affirmative defense, and the state has the burden of

showing that the default constitutes an adequate and independent ground. *Insyxiengmay*, 403

F.3d at 665–66.

Here, both the state court of appeals and the state supreme court expressly held the

Second PRP was time barred under a state statute. *See* Dkt. 14-3 at 7–8, 24. Both courts relied

upon RCW 10.73.090(1) to find petitioner's claim was barred. *Id*. Pursuant to RCW

10.73.090(1), a petition for collateral attack on a judgment and sentence in a criminal case must

be filed within one year after the judgment becomes final. Petitioner's judgment and sentence

became final on December 24, 2019, when the mandate was entered following his direct appeal.

Dkt. 14-1 at 153–54. Therefore, the time to file a PRP expired on December 24, 2020. Petitioner

did not file his Second PRP until July 29, 2021—approximately seven months after the

limitations period ran—and the state court of appeals therefore dismissed the Second PRP as

time barred. Dkt. 14-3 at 8. The state supreme court similarly found petitioner's claim time-

barred, and rejected as meritless his argument that the time bar could be avoided because of

alleged "structural error." Dkt. 14-3 at 24–25.

As Petitioner's Second PRP was denied based on a state procedural rule, the Court finds petitioner's claim was denied by the state courts on an adequate and independent ground. *See Shumway v. Payne*, 223 F.3d 982, 988 n. 22 (9th Cir. 2000) (RCW 10.73.090 has been found by the Ninth Circuit to be an independent and adequate state law barring federal habeas review). Accordingly, petitioner's claim is procedurally barred from being resolved in state court and is procedurally defaulted for federal habeas purposes unless petitioner can demonstrate (1) cause for his default in state court and actual prejudice from the alleged error, or (2) the failure to review would result in a miscarriage of justice, such as a conviction standing despite actual innocence. *Coleman*, 501 U.S. at 750.

To establish "cause," a petitioner must show some objective factor external to the defense prevented him from complying with the state's procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Only in an "extraordinary case" may the habeas court grant the writ without a showing of cause and prejudice to correct a "fundamental miscarriage of justice" where a constitutional violation has resulted in the conviction of a defendant who is actually innocent. *Murray,* 477 U.S. at 495–96. To demonstrate he suffered a fundamental miscarriage of justice, viewing all the evidence in light of new reliable evidence, the petitioner must show "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

1    Petitioner has not alleged any external factor preventing him from complying with the

2    State's time bar rule. Furthermore, petitioner has provided no new, reliable evidence showing he

3    is actually innocent. Instead, petitioner contends his claim is premised upon a "structural error"

4    that, he claims, allows him to avoid the State's procedural bar. Dkt. 6 at 10. In support of his

5    claim, petitioner relies upon preliminary instructions the trial judge read to the jury at the *outset*

6    of the trial on May 24, 2017, just after the jury was empanelled, which do not discuss the

7    elements of the charges against him. Dkt. 6 at 18–30.

8    But the state supreme court held the record conclusively demonstrates that, at the *close* of

9    evidence on June 6, 2017, the trial court read the full instructions to the jury:

10   But besides failing to show that this claimed error is exempt from the time limit on
     collateral review, Mr. Mozqueda does not show that the superior court's oral
11   instructions were deficient. In fact, the transcript in the record of Mr. Mozqueda's
     direct appeal shows that the court gave complete oral instructions mirroring
12   verbatim the written instructions, including those conveying the elements of the
     crimes. No. 77328-3-I; Verbatim Report of Proceedings (June 6, 2017) at 932-34,
13   Clerk's Papers at 31-36.

14   Dkt. 14-3 at 25. This Court has reviewed the transcript of the June 6, 2017 proceedings

15   submitted by respondent in this case; the transcript unequivocally establishes—as the state

16   supreme court held—that the jury instructions were read in full to the jury at the close of the

17   evidence. Dkt. 14-3 at 295–306. The orally-read instructions included the elements of the crimes

18   at issue. *Id*. at 301–305. The state supreme court therefore correctly rejected petitioner's claim of

19   "structural error" because it is conclusively refuted by the record.

20   The Court finds petitioner's claim is barred by an independent and adequate state rule,

21   and petitioner has failed to establish cause and prejudice or a fundamental miscarriage of justice.

22   Petitioner's claim is therefore procedurally defaulted and federal courts are procedurally barred

23   from reviewing it. *See Casey v. Moore*, 386 F.3d 896, 921–22 (9th Cir. 2004). Accordingly,

24

petitioner is not entitled to relief on the sole ground raised in his petition, and the Court

recommends the petition be dismissed with prejudice.

### III. MOTION TO STAY

On July 27, 2022, petitioner filed a motion to stay to allow him to exhaust his state court

remedies. Dkt. 19. Respondent opposes the motion, asserting a stay would serve no legitimate

purpose because petitioner no longer has any available state court remedies in light of the state

courts' previous denial of his claim as both procedurally barred and frivolous. Dkt. 20.

Issuance of a stay is within the Court's discretion, but should occur "only in limited

circumstances" where petitioner has not yet exhausted claims in state court and there was good

cause for the failure to exhaust. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Here, petitioner has

already asserted his claim in state court, and it was rejected as untimely and frivolous. As

discussed above, petitioner's claim is therefore procedurally barred, and he cannot return to state

court to exhaust it. No purpose would be served by a stay, and petitioner's motion is therefore

DENIED.

### IV. EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion.

*Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a

hearing could enable an applicant to prove the petition's factual allegations, which, if true, would

entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is

available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the

state court. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). A hearing is not required if the

allegations would not entitle Petitioner to relief under § 2254(d). *Landrigan*, 550 U.S. at 474. "It

follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas

1   relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not

2   necessary to hold an evidentiary hearing in this case because, as discussed in this Report and

3   Recommendation, Petitioner's grounds may be resolved on the existing state court record.

### V. CERTIFICATE OF APPEALABILITY

5       A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

6   court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

7   (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability

8   may issue . . . only if the [petitioner] has made a substantial showing of the denial of a

9   constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating

10  that jurists of reason could disagree with the district court's resolution of his constitutional

11  claims or that jurists could conclude the issues presented are adequate to deserve encouragement

12  to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*,

13  529 U.S. 473, 484 (2000)).

14      No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or

15  would conclude the issues presented in the Petition should proceed further. Therefore, the Court

16  concludes Petitioner is not entitled to a certificate of appealability with respect to this case.

### VI. CONCLUSION

18      For the above stated reasons, the Court concludes petitioner's claim is procedurally

19  barred. The Court finds an evidentiary hearing is not necessary. Therefore, the Court

20  recommends the petition (Dkt. 6) be dismissed with prejudice, petitioner's motion for stay (Dkt.

21  19) be denied and a certificate of appealability not be issued.

22      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

23  fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.

24

1    6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

2    review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

3    objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

4    *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

5    imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on

6    November 18, 2022, as noted in the caption.

7            Dated this 2nd day of November, 2022.

8

9                                                      _____
                                                       David W. Christel
10                                                     United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 11